**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2425
_____

UNITED STATES OF AMERICA

v.

JAMES S. BIEAR,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. Action No. 20-cr-00246-001)
District Judge:  Honorable Susan D. Wigenton

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 9, 2022

Before: RESTREPO, PHIPPS and RENDELL, Circuit Judges

(Opinion filed:  May 24, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

James Biear appeals the District Court's order denying his motion for early termination of his supervised release. For the reasons below, we will affirm the District Court's order.

In 2013, Biear was sentenced to ten years in prison and four years of supervised release after being convicted of money laundering, wire fraud, bank fraud, and related offenses. In August 2020, while serving his term of supervised release, Biear filed a motion for early termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1). The Government opposed the motion, noting that Biear had defrauded his vulnerable, elderly employer out millions of dollars in cash, art, and property, and arguing, inter alia, that early termination of supervised release would undermine the deterrent value of his sentence and would make it difficult to ensure repayment of his restitution order. The District Court denied the motion without explanation, and Biear appealed.

We vacated the District Court's order and remanded the matter for the District Court to explicitly evaluate the motion using the sentencing factors of 18 U.S.C. § 3553(a) that are listed in § 3583(e)(1). See United States v. Biear, 858 F. App'x 592, 593 (3d Cir. 2021). On remand, Biear requested a hearing. The District Court denied both his request for a hearing and the motion for early termination. Biear filed a notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's denial of a motion for early termination of supervised release for abuse of discretion.

United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020).  A District Court abuses it

discretion if it fails to apply the proper legal standard.  Id.  Section 3583(e) provides that,

after considering several of the sentencing factors in § 3553(a), a District Court may

terminate a period of supervised release if it believes that termination is warranted by the

defendant's conduct and the interest of justice.

In explaining its denial of Biear's request for early termination, the District Court

observed that Biear was only required to submit monthly supervision reports and pay

restitution.  It concluded that Biear's difficulties in finding employment did not outweigh

the § 3553 factors that weighed in favor of a serious punishment for a crime that targeted

an elderly victim and that the interests of justice would not support waiving the remaining

year of supervision.

Explaining its consideration of the § 3553 factors, the District Court discussed the

nature of Biear's fraud offenses against a vulnerable elderly victim, see § 3553(a)(1), and

stated that continuing Biear's supervised release reflected the seriousness of the offense,

promoted respect for the law, and provided just punishment for the offense.  The District

Court also believed that terminating Biear's supervision early would create sentencing

disparities among defendants convicted of similar conduct.  See § 3553(a)(6).  It

concluded its analysis by noting that, most importantly, Biear still had an outstanding

obligation of over $3 million in restitution and that supervision would ensure that Biear

continued to pay that obligation.  See § 3553(a)(7).

3

On appeal, Biear argues that the applicable Sentencing Guidelines for his offense were decreased shortly after his conviction. He suggests that this shows that his sentence was greater than was necessary. Reply Br. at 1. Biear, however, did not raise this argument before the District Court or in his opening brief, and we will not consider it. See United States v. Anthony Dell'Aquilla, Enters. & Subsidiaries, 150 F.3d 329, 335 (3d Cir. 1998) ("[A]bsent exceptional circumstances, an issue not raised in [the] district court will not be heard on appeal."); Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) ("[A]ppellants are required to set forth the issues raised on appeal and to present an argument in support of those issues in their opening brief."). He also disputes the accuracy of the Government's accounting of the payments he has made towards his restitution. He does not, however, dispute that he still owes approximately $3 million in restitution.

The District Court has now described its consideration of the § 3553 factors, and it did not abuse its discretion in determining that it would not be in the interests of justice to terminate Biear's supervised release. Accordingly, we will affirm the District Court's order. To the extent that Biear renews his request for appointment of counsel in his reply brief, the renewed request is denied. See Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993) (describing factors to be considered in deciding whether to appoint counsel).